[Crim. No. 1376. First Appellate District, Division Two.—March 30, 1927.]

THE PEOPLE, Respondent, v. JOHN PATTERSON, Appellant.

**[1]** CRIMINAL LAW — BURGLARY IN FIRST DEGREE — JUDGMENT — EVIDENCE.—A judgment of conviction of burglary in the first degree is unsupported, where the undisputed evidence is to the effect that the defendant entered an uninhabited dwelling and stole therefrom plumbing fixtures, and there is no evidence to the effect that when he entered the building or at any other time he was armed with a deadly weapon or that during the commission of the offense he assaulted any person.

**[2]** ID.—DEFINITION OF BURGLARY IN FIRST DEGREE—ERRONEOUS INSTRUCTION.—An instruction to the effect that if burglary is committed in the night-time, it is burglary in the first degree, is an erroneous definition of burglary in the first degree.

---

(1) 9 C. J., p. 1076, n. 26.    (2) 9 C. J., p. 1009, n. 10.

APPEAL from a judgment of the Superior Court of Fresno County. Charles R. Barnard, Judge. Reversed.

The facts are stated in the opinion of the court.

Frank A. Curtin for Appellant.

U. S. Webb, Attorney-General, and Lionel B. Browne, for Respondent.

STURTEVANT, J.—The defendant was found guilty of burglary in the first degree. From the judgment of conviction he has appealed and has brought up a copy of the "record of the action" (Pen. Code, sec. 1207), and a certified copy of the reporter's notes as transcribed.

The appellant presents two points. One that the evidence was insufficient to sustain a verdict of burglary in the first degree and the other point is that the trial court gave to the jury an erroneous instruction defining burglary in the first degree. The two objections may properly be considered together. [1] The undisputed evidence was to the effect that the defendant entered an uninhabited dwelling and stole therefrom the plumbing fixtures. There was no evidence to the effect that when he entered the building or at any other time he was armed with a deadly weapon or that during the commission of the offense that he assaulted any person. Our statute is as follows: "Burglary defined. 1. Every burglary of an inhabited dwelling-house or building committed in the night time, and every burglary, whether in the daytime or night time, committed by a person armed with a deadly weapon, or who while in the commission of such burglary arms himself with a deadly weapon, or who while in the commission of such burglary assaults any person, is burglary of the first degree. 2. All other kinds of burglary are of the second degree. 3. This section shall not be construed to supersede or affect section four hundred sixty-four of the Penal Code." (Pen. Code, sec. 460.) [2] However, the trial court instructed the jury as follows: "You are further instructed that burglary is of two degrees. If committed in the night time, it is burglary of the first degree, and if committed in the daytime, it is burglary in the second degree. If you find the defendant guilty, you must specify in your verdict the degree in which you find him guilty. You are further instructed that the phrase 'night time' as used in this connection, means the period between sunset and sunrise." The trial court also instructed the jury that it might find the defendant guilty of burglary in the first degree, of burglary in the second degree, or not

guilty. The evidence was insufficient to support a judgment of conviction for the crime of burglary in the first degree. Furthermore, the instruction purporting to define burglary in the first degree was an erroneous statement of the law.

The appellant makes an additional point, but it becomes unnecessary to consider it.

The judgment is reversed and the cause is remanded for a new trial.

Nourse, J., and Koford, P. J., concurred.